IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:11-CV-2351-TWT-CCH |
| v. | : : | |
| TERRY BRADLEY, ROSENA P. BRADLEY, deceased, and all others | : : : | |
| Defendants. | : | |

# **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 26th day of July, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : : : | CIVIL ACTION NO. 1:11-CV-2351-TWT-CCH |
| Plaintiff, | : : | |
| v. | : : | |
| TERRY BRADLEY, ROSENA P. BRADLEY, deceased, and all others | : : : | |
| Defendants. | : : | **ORDER AND REPORT AND RECOMMENDATION** |

Defendant Terry Bradley, acting *pro se*, seeks leave to remove this action filed in the Magistrate Court of DeKalb County to this Court and seeks to do so *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1).  *See* Application to Proceed in District Court without Prepaying Fees or Costs [1].  The Court **GRANTS** Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] solely for the limited purpose of determining whether this action has been properly removed to this Court.

Pursuant to 28 U.S.C. § 1446(c)(4), this Court must remand any action which has been improperly removed:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly.  If it clearly appears on the face of the

notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4). The Court, therefore, must examine the "Notice of Removal and Federal Stay of Eviction Pursuant to 28 USCA 1446(d)" (the "Notice of Removal") [1] to determine whether this action has been properly removed to this Court.

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In this case, Defendant alleges in the Notice of Removal that the underlying action is "in violation of the Uniform Commercial Code and 15 USCA 1692, Rule 60 of the Federal Rule of Civil Procedure." Defendant also attached three documents to the Notice of Removal: (1) a Dispossessory Warrant which indicates that Plaintiff Federal National Mortgage Association brought suit in DeKalb County in order to possess property illegally occupied by Defendants after a foreclosure sale occurred on June 7, 2011; (2) a Certificate of Death which indicates that Defendant Rosena P. Bradley died on May 13, 2008; and (3) Letters Testamentary which indicates that Defendant Terry Bradley was named as executor of Rosena P. Bradley's will on September 19, 2008. On the

Civil Cover Sheet filed with the Notice of Removal, Defendant checked the box indicating that the basis of jurisdiction for this action is "U.S. Government Plaintiff."

The Court finds that Defendant has failed to establish that this Court has subject matter jurisdiction over the action. Under 28 U.S.C. § 1441(b), diversity is not a ground for removal if any Defendant is a citizen of the state in which the action is brought. Defendant indicates that he is a citizen of the state of Georgia. *See* Civil Cover Sheet. Thus, Defendant cannot remove this case on the basis of diversity jurisdiction.

Under 28 U.S.C. § 1441(b), a state court action also may be removed without regard to citizenship when one or more of the underlying claims asserted by the plaintiff "arise[s] under the Constitution, treaties or laws of the United States." The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Finance Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, the documents attached to the Notice of Removal indicate that Plaintiff's state court complaint was merely a dispossessory action filed after a foreclosure sale of the property in question occurred. *See* Dispossessory Warrant. An eviction is a process governed by state law that does not implicate any of the federal laws identified by Defendant in the Notice of Removal.[1]  Further, any probate issues Defendant may have intended to invoke by attaching the Certificate of Death and Letters Testamentary would also be the exclusive province of the state courts.  Thus, Plaintiff has not asserted a claim that would implicate federal question jurisdiction. To the extent that Defendant is attempting to remove this action by stating defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court.  *See Federal Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

---

[1] The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Federal Rule of Civil Procedure 60, Relief from Judgment or Order, do not pertain to state court dispossessory actions.  Further, the Uniform Commercial Code is not a federal statute and cannot form the basis for removal to this Court.

4

On the Civil Cover Sheet, but not in the Notice of Removal, Defendant indicated that federal jurisdiction in this action is based on Plaintiff's status as a U.S. Government entity. While Federal National Mortgage Association (or "Fannie Mae") is a federally chartered entity, other courts that have addressed whether cases in which Fannie Mae is a plaintiff may be removed on that ground alone have found that Fannie Mae's status, by itself, does not confer jurisdiction. *See Fed. Nat'l Mortg. Ass'n v. Hammond*, No. CV 11–00867 GAF, 2011 WL 2516498, at *3 (C.D. Cal. June 22, 2011); *Fed. Nat'l Mortg. Ass'n v. Sandoval*, No. 11–0139, 2011 WL 976708, *2 (E.D. Cal. Mar.16, 2011); *Knuckles v. RBMG, Inc.*, 481 F.Supp.2d 559, 563 (S.D. W.Va. 2007). The undersigned finds the reasoning of those courts persuasive and holds that Plaintiff Fannie Mae's status is insufficient to establish subject-matter jurisdiction in this Court.

Finally, the Court notes that the relief sought by Defendant is a stay of a state court dispossessory action. Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283,[2] this Court does not have jurisdiction over any action brought in state court and cannot enjoin a state court action for eviction. The Anti-Injunction Act is "an absolute

---

[2] The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

5

prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself. *See, e.g.*, *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 134 F.3d 133, 144 (3d Cir.1998). In the instant action, Defendant seeks to enjoin Plaintiff from proceeding with an eviction action already filed in state court or to enjoin the state court from enforcing any judgment entered in that proceeding. This Court is "absolutely prohibited" by the Anti-Injunction Act from granting such relief.

Thus, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons stated above **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

**IT IS SO RECOMMENDED** this 26th day of July, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE